UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANDRE L. MAYFIELD, # 128982 ) | |
| ) | |
| v. ) | NO. 2:07-CV-75 |
| ) | |
| HOWARD CARLTON, Warden; SGT. ) | |
| SHANNON CLARK-GREGG, Grievance ) | |
| Bd. Chairman; IRIS GALLAGHER, ) | |
| Corr. Clerical Officer; and LINDA ) | |
| BRANCH, Corr. Clerical Officer ) | |

## **MEMORANDUM and ORDER**

This is a *pro se* civil rights action, 42 U.S.C. § 1983, brought by Andre L. Mayfield, a prisoner in the punitive segregation unit at Northeast Correctional Complex in Mountain City, Tennessee. Plaintiff's litigation history places him within the "3 strikes" provision set forth in 28 U.S.C. § 1915(g), which prohibits a prisoner proceeding *in forma pauperis* from filing a civil action in this Court if he has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See Mayfield v. Aspenwall*, No. 3: 97-CV-2059 (W.D.Tenn. Jan. 27, 1997) (Order dismissing case without prejudice under three-strikes rule); *Mayfield v. Daughtery*, No. 3: 99-CV-428 (E.D.Tenn. Aug. 16, 1999) (same); *Mayfield v. Bell*, No. 3:00-CV-214 (M.D.Tenn. Mar. 10, 2000) (same) (also noting that four of his prior cases filed in that district had been dismissed as frivolous).

Obviously anticipating that § 1915(g) would be applied to this lawsuit, plaintiff alleges that this case falls within the exception to the 3-strikes rule since he is in imminent danger of serious physical injury. He bases his contention of imminent danger upon an incident, claimed to have occurred on March 22, 2007. On this date, it is alleged that plaintiff was in defendant Clark-Gregg's office when she threatened "to have the Plaintiff ..... killed by one of her Arian (sic) Brotherhood Inmate friends at NECX" and that she also said "that the Plaintiff Mayfield ...... would be dead in the near future and that would solve [his] filing anything or assisting anyone else with filing [illegible word] paperwork." Thereafter, defendant Clark-Gregg, according to plaintiff, retaliated against him by falsely charging him with creating a disturbance, which caused him to be placed in the disciplinary segregation unit. These are the factual allegations offered to demonstrate that plaintiff is under an immediate threat of serious physical harm.

The Clerk is **DIRECTED** to send plaintiff one service packet[1] for defendant Howard Carton, who, as the Warden of NECX, is in the best position to investigate and respond to plaintiff's contentions of imminent harm. Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of entry of this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required will result in the dismissal of this action.

When the completed service packet is received by the Clerk, the summons will be

---

[1] The packet contains a blank summons and U.S.M. 285 form.

signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant Carlton. Fed. R. Civ. P. 4. Defendant is **ORDERED** to respond, within twenty (20) days of receipt of service, but <u>only</u> to plaintiff's contentions that he is in imminent danger of serious physical harm due to the alleged threats against his life. Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so also will result in a dismissal of this action.

Finally, if the allegations regarding the threat of serious physical harm are found credible and not to have been redressed by the prison authorities, the Court will then determine whether plaintiff can proceed under the pauper statutes.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge